**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HENRY DESEAN ADAMS,

Plaintiff-Appellant,

v.

PAUL MANAUT, Dr.; et al.,

Defendants-Appellees,

and

DAVID O. LIVINGSTON; et al.,

Defendants.

No. 19-16884

D.C. No. 4:17-cv-00327-YGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

California state prisoner Henry Desean Adams appeals pro se from the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's summary judgment in his 42 U.S.C. § 1983 action alleging inadequate medical care while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018). We affirm.

The district court properly granted summary judgment because Adams failed to raise a genuine dispute of material fact as to whether any defendant's conduct in the course of treating Adams was objectively unreasonable. *See id.* at 1124-25 (setting forth objective deliberate indifference standard for Fourteenth Amendment inadequate medical care claims brought by pretrial detainees).

The district court did not abuse its discretion by denying Adams's motion for appointment of counsel because Adams failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" requirements for appointment of counsel).

We reject as meritless Adams's contention that the district court erred in its treatment of Adams's claims unrelated to his medical care.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Adams's opposed "motion to prevent irreparable harm" (Docket Entry No.

25) is denied.  Adams's request to supplement his opening brief with additional evidence, set forth in the motion, is denied.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("We do not consider documents not presented to the district court.").

**AFFIRMED.**